IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HONOLULU CIVIL BEAT INC., | ) | CIVIL NO. 23-00216 SOM-WRP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | BIFURCATE REVIEW OF |
| | ) | RECORDS |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DENYING DEFENDANT'S MOTION
TO BIFURCATE REVIEW OF RECORDS

Before the Court is Defendant Federal Bureau of Investigation's (FBI)

Motion to Bifurcate Review of Records, filed on July 22, 2024, ECF No. 45.

Plaintiff filed its Opposition to the FBI's Motion on August 6, 2024, ECF No. 49.

The FBI filed its Reply on August 20, 2024, ECF No. 50.  The Court elects to

decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of

Practice for the United States District Court for the District of Hawaii.  As

discussed in detail below, the Court DENIES the Motion.

BACKGROUND

This case is an action under the Freedom of Information Act (FOIA),

5 U.S.C. § 552, for disclosure of records concerning the FBI's investigations of

former State Representative Ty J.K. Cullen (Cullen) and former State Senator

Jamie Kalani English (English) that resulted in their respective arrests, charges,

guilty pleas, and sentencing for honest services wire fraud.  See Compl., ECF No.

1.

Plaintiff initially submitted its FOIA requests regarding Cullen and

English on February 25, 2022, and December 20, 2022.  See id. ¶¶ 30, 52.  The

FBI responded on March 8, 2022, and December 26, 2022, denying both requests

in full based on privacy concerns.  See id. ¶¶ 31, 53.  Following unsuccessful

administrative appeals, Plaintiff filed this suit on May 18, 2023, contending that

the FBI's responses were legally deficient.  See Compl., ECF No. 1.

On July 17, 2023, the Court held a scheduling conference at which

time the FBI represented that it anticipated that it would need a year to complete a

Vaughn index, anticipating that it could review approximately 500 pages per

month per case.  At the conference, the Court encouraged the parties to confer and

propose a stipulation to the Court if they were able to reach agreement regarding

the review and to contact the Court if they needed further assistance.  The FBI did

not seek Court assistance regarding document review.

Four days before the dispositive motions deadline expired, the FBI

filed a motion asking the Court to continue all deadlines to allow time for the

document review or to stay the case pending completion of the underlying FBI

investigation but made no request for court guidance regarding document review. <u>See</u> Def.'s Mot. To Continue All Deadlines and/or Stay the Case, ECF No. 20. Plaintiff appealed this Court's decision granting a continuance of trial and unexpired deadlines for approximately six months. <u>See</u> Appeal of Magistrate Judge Decision, ECF No. 23.  The district judge issued a decision granting a trial continuance for approximately six months and continuing all unexpired deadlines accordingly. <u>See</u> Minute Order dated 6/21/2024, ECF No. 28.  The district judge set the deadline to file dispositive motions for November 4, 2024. <u>See</u> Amended Rule 16 Scheduling Order, ECF No. 38, at 2.  Additionally, the district judge directed the FBI to provide a status report containing the approximate number of documents and pages of documents responsive to the FOIA requests at issue, explain why the review and indexing is limited to 500 pages per month as the FBI represented in its motion to continue all deadlines, and provide a date by which the FBI expects the review and indexing to be complete. <u>See</u> <u>id.</u>  After several unjustified delays, <u>see</u> Minute Orders dated 6/27/2024, 7/2/2024, 7/8/2024, ECF Nos. 29, 32, 35, the FBI submitted the requested status report. <u>See</u> Def.'s Response to the Court, ECF No. 39.

In that status report, the FBI stated that prior representations that it could only review 500 pages per month were inaccurate. <u>See</u> Third Decl. of Michael G. Seidel, ECF No. 39-1, ¶ 4.a.  The FBI stated that it will review "more

than 500 pages per month," but did not provide any details regarding how many more pages.  See id.  The FBI stated that there are over 35,000 pages and media to review.  See id. ¶ 5.  The FBI stated that it "has started" to review the documents for all possible FOIA exemptions.  See id. ¶ 6.  The FBI's earlier status report filed just a week before had stated that "processing has not begun."  See Decl. of Michael G. Seidel, ECF No. 31 ¶ 4.  The same day that it filed its status report, the FBI filed the present Motion.  See Mot., ECF No. 40.

DISCUSSION

The goal of FOIA is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 973 (9th Cir. 2009).  FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of material."  Milner v. Dep't of Navy, 562 U.S. 562, 564 (2011).  These nine exemptions are "explicitly made exclusive and must be narrowly construed."  Id. at 565 (quotation omitted).

Under Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).  Bifurcation, however, is the exception rather than

4

the rule of normal trial procedure.  See Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004); see also Fed. R. Civ. P. 42 advisory committee's note ("separation of issues for trial is not to be routinely ordered"). The moving party has the burden of showing that separate proceedings will result in judicial economy and will not unduly prejudice any party.  See MySpace, Inc. v. Graphon Corp., 732 F. Supp. 2d 915, 917 (N.D. Cal. 2010).  The decision to bifurcate is within the court's sound discretion.  See M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005).

This Motion is not a traditional request to bifurcate issues for trial or discovery, but rather it is a request to proceed to summary judgment twice.  See Mot., ECF No. 45-1, at 9.  First, the FBI would like to review the documents on a document-by-document basis for privacy, Exemptions b(6) and 7(C), and for interfering with an ongoing investigation, Exemption 7(A).  See Mot., ECF No. 45, at 2; ECF No. 45-1 at 6, 10.  The FBI would then move for summary judgment based on that review.  See Mot., ECF No. 45-1 at 12.  Second, if the Court did not fully grant summary judgment in the FBI's favor, then the FBI would conduct another review of the documents, this time reviewing each document page-by-page, for all other possible "underlying exemptions" and file a second motion for summary judgment.  See id. at 10.

In addition to requesting to proceed to summary judgment twice, the

FBI also requests to continue the current dispositive motions deadline.  The FBI represents that if it is allowed to proceed with a bifurcated approach, it will be prepared to file its first motion for summary judgment in 26 months.  See id. at 6.  Notably, the FBI does not provide any estimate for how long it would take the FBI to conduct its second review and prepare its second motion for summary judgment if necessary.  The FBI states that if it is not allowed to "bifurcate" its requests for summary judgment, then it will not be able to file a motion for summary judgment for 49 months.  See id. at 12-13.  This Motion is not the first time that the FBI has asked the Court to continue the deadline to file dispositive motions for several years.  As detailed in the docket, the Court has previously denied the FBI's prior requests for such a lengthy continuance.  See Order Granting Request to Continue All Deadlines, ECF No. 28 (finding that the "the FBI has not justified a two- to four-year continuance or any stay").

As discussed in detail below, the FBI has failed to establish that a bifurcated document review is appropriate, and the record reflects that the FBI has not been diligent in moving this case forward to justify a continuance of the dispositive motions deadline.

Ninth Circuit case law makes clear that the FBI has the burden to establish its right to withhold information under one of the enumerated FOIA Exemptions.  See Wiener v. F.B.I., 943 F.2d 972, 977-78 (9th Cir. 1991).

Generally, but not always, this is done by producing a <u>Vaughn</u> index "identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." <u>Id.</u> at 977.[1]  The FBI knew of its obligation to provide a <u>Vaughn</u> index since the beginning of this case, has had more than fourteen months since this case was filed to work on a <u>Vaughn</u> index, and yet made no effort to even begin the necessary document review until days before filing the present Motion.  <u>Compare</u> Decl. of Michael G. Seidel, ECF No. 31, filed on 7/2/2024 (stating that "processing has not begun"), <u>with</u> Third Decl. of Michael G. Seidel, ECF No. 39-1, filed on 7/10/2024 (stating that "the FBI has started" processing the documents).  The FBI's demonstrated lack of diligence does not support a finding that bifurcation of the document review will expedite or economize the proceedings in this case.

---

[1] Ninth Circuit case law recognizes that a <u>Vaughn</u> index is not required when "a claimed FOIA exemption is based on a general exclusion, such as Exemption 7(A)'s criminal investigation exclusion, which is dependent on the category of the requested records rather than the individual subject matters contained within each document." <u>Lewis v. I.R.S.,</u> 823 F.2d 375, 380 (9th Cir. 1987) (affirming summary judgment based on agency affidavits).  Although Exemption 7(A) is at issue in this case, the FBI has taken the position from the beginning of this litigation that it will prepare and produce a <u>Vaughn</u> index.  <u>See</u> Def.'s Rule 26(f) Report, ECF No. 14.

This is underscored by the FBI's attempt to blame their lack of progress on the fact that "the FBI did not have a specific schedule to follow," which the Court soundly rejects.  During the Rule 16 Scheduling Conference with the Court on July 17, 2023, counsel for the FBI represented to the Court that the materials at issue were voluminous and that the FBI anticipated the <u>Vaughn</u> index would be complete in a year.  The Court encouraged the parties to stipulate to a processing scheduling and to contact the Court for assistance.  The Court set the dispositive motions deadline in the normal course for May 24, 2024.  <u>See</u> Rule 16 Scheduling Order, ECF No. 18, at 2.  No action was taken to request Court assistance for more than ten months.  Four days before the deadline to file dispositive motions closed, the FBI filed a motion seeking a stay or a continuance for two to four years but did not ask for assistance from Court to resolve any issues regarding document processing.  <u>See</u> Mot. to Continue All Deadlines and/or Stay the Case, ECF No. 20.  The FBI only sought Court assistance after Plaintiff highlighted the FBI's delay and the Court denied the lengthy continuance requested by the FBI based on the FBI's lack of diligence.  <u>See</u> Order Granting Request to Continue All Deadlines, ECF No. 28, at 4-7.  On this record, the FBI has not shown that the requested bifurcation of the document review will expedite these proceedings.

   The Court also finds that granting the relief requested by the FBI will

unduly prejudice Plaintiff.  "FOIA was enacted to promote honesty and reduce waste in government by exposing an agency's performance of its statutory duties to public scrutiny."  Maydak v. U.S. Dep't of Justice, 218 F.3d 760, 764 (citing United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 772-73 & n. 20 (1989)).  "[T]he delay caused by permitting the government to raise its FOIA exemption claims one at a time interferes both with the statutory goals of 'efficient, prompt, and full disclosure of information' and with 'interests of judicial finality and economy.'"  Id. (quoting Senate of Puerto Rico v. United States Dep't of Justice, 823 F.2d 574, 580 (D.C. Cir. 1987) and Holy Spirit Ass'n v. CIA, 636 F.2d 838, 846 (D.C. Cir. 1980)).  Plaintiff submitted its FOIA requests in 2022.  See Compl., ECF No. 1, ¶¶ 30, 52.  The documents at issue involve the investigations of individuals who were sentenced in 2022 and 2023.  See id. ¶¶ 34, 49-50.  As discussed above, the FBI has already delayed these proceedings for more than a year by not starting its document review and processing until days before this Motion was filed.  If the Court were to approve the FBI's proposed bifurcation, Plaintiff would be required to wait more than two years before being able to respond to the FBI's first summary judgment motion and then would have to wait an unspecified additional amount of time to respond to a second round of dispositive motions.  The FBI has failed to demonstrate that this extraordinary delay is justified.  Although the Court understands that the document

review process is detailed and complex, the Court is confident that the FBI has the resources available to complete the review in a timely manner.  Rather than streamline the process, it appears to the Court that the bifurcated process suggested by the FBI would require duplicative effort.

Further, the Court finds that the FBI has failed to provide adequate legal support for its requested relief.  The FBI cites two cases to support its contention that its proposed procedure is "commonly employed by district courts." See Mot., ECF No. 45-1, at 14 (citing Pub. Invs. Arbitration Bar Ass'n v. SEC, Civ. A. No. 11-2285 (BAH) (D.D.C. July 16, 2012) and Ciralsky v. CIA, Civ. A. No. 00-1709 (D.D.C. Aug. 8, 2005).  Neither of the cases cited by the FBI involve similar circumstances to those present in this case.  Additionally, based on the Court's review of the case law, it appears that other district courts have denied similar motions contrary to the FBI's contention that these motion are commonly granted.

In the first case cited by the FBI, Public Investment Arbitration Bar Association, the government filed a motion for summary judgment, supported by agency affidavits, and concurrently filed a motion seeking to preserve the right to assert specific additional exemptions.  See Civ. A. No. 11-2285 (BAH) at Dkt. No. 10.  Notably, the government's motion for summary judgment was filed five months after the case was filed and its request stated that it was preserving the right

to assert three other specific exemptions.  See id. at Dkt. No. 11.  On that record, the Court granted the requested relief in a two-sentence Minute Order summarily stating that the relief was appropriate "[i]n the interests of preserving agency resources, promoting judicial economy, and ensuring the speedy and efficient resolution of this matter."  Id. at Minute Order dated 7/16/2012.  As noted above, the FBI has chosen not to proceed with a motion for summary judgment supported by agency affidavits.  Additionally, the FBI does not seek to preserve certain specific exemptions for later resolution, but instead asks to preserve "all other underlying exemptions."  See Reply, ECF No. 50, at 5.  Given the procedural and substantive differences, the Court does not find the decision in Public Investment Arbitration Bar Association to be persuasive.

In the second case cited by the FBI, Ciralsky v. CIA, the government filed an unopposed motion to allow it to move for summary judgment as to one FOIA Exemption "without waiving any allegation that the records are exempt from release for other reasons."  Civ. A. No. 00-1709, Dkt No. 55 (D.D.C. Mar. 4, 2005).  The Court granted the unopposed motion in a one-sentence Minute Order without any discussion.  See id. at Minute Order dated 8/8/2024.  It does not appear from the Court's review of the docket in that case that the government ever filed a motion for summary judgment on the FOIA claims before the case was dismissed.  See id.  Based on the unopposed nature of the relief requested and the

11

lack of discussion of the issue by the court, the Court does not find the decision in

Ciralsky v. CIA to be persuasive.

Notably absent from the FBI's Motion is a discussion of the district

court's decision in Basey v. Department of the Army, No. 4:16-CV-00038-TMB,

2017 WL 8677340 (D. Alaska Sept. 5, 2017).  In that case, the government filed a

motion seeking an order "permitting it to move for summary judgment on

Plaintiff's Freedom of Information Act (FOIA) claims based on the applicability of

FOIA exemption 7(A), while preserving all other claims that the records at issue

are exempt from release for other reasons."  Id. at *5.  In its decision, the district

court found that the government failed to provide authority to support its proposed

"piecemeal approach."  Id. at *6.  The district court examined the applicable case

law and denied the motion holding that the proposed procedure "does not seem

consistent with the principles" at issue under FOIA.  Id. at *7 ("It therefore seems

most efficient that the agencies follow the standard practice and conduct one, not

two, search and reviews and assert all their FOIA exemptions at once.").  The

Court finds the decision in Basey v. Department of the Army persuasive.

Similarly absent from the FBI's Motion is a discussion of the district

court's decision in Farahi v. Federal Bureau of Investigation, No. CV 15-2122

(RBW), 2017 WL 11662716 (D.D.C. Jan. 23, 2017).  In Farahi, the district court

denied the FBI's motion for permission to file a motion for summary judgment

12

based on one FOIA Exemption while preserving its claim that other exemptions may apply.  See id.  The FBI asserted that it could complete its first review within 14 months, but if the court denied its motion, it would need 30 months to complete its review.  See id. at *1.  The court held that the FBI was "essentially seeking the Court's permission to assert untimely FOIA exemptions in the future, if the FBI's primary argument . . . fails at the summary judgment stage."  Id. at *2.  The court rejected the FBI's argument that it had shown good cause simply because it would take more time and effort to review for all exemptions at one time.  See id.  The court also rejected the FBI's argument that it had shown good cause because the plaintiff had refused to limit the scope of its request, noting that "the plaintiff is under no obligation to alleviate the FBI's FOIA obligations, burdensome as they may be."  Id.  The Court finds the decision in Farahi v. Federal Bureau of Investigation persuasive.

Here, the FBI has failed to provide legal support for its proposed procedure and has failed to demonstrate that a bifurcated review will be more efficient.  The Court finds that the FBI's proposed bifurcated review is unsupported by the case law and contravenes "the statutory goals" of the FOIA to provide "efficient, prompt, and full disclosure of information," and the "interests of judicial finality and economy."  Maydak, 218 F.3d at 764 (internal citations omitted); see also Woodward v. U.S. Marshals Serv., No. CV 18-1249 (RC), 2022

WL 17961289, at *9 (D.D.C. Dec. 27, 2022) ("it makes good sense that district courts routinely apply the Maydak analysis to belated assertions of FOIA exemptions during the pendency of district court proceedings").[2]  The FBI has failed to demonstrate that its proposed bifurcated review would promote efficiency.  Rather, the bifurcated review would result in further delay and prejudice to Plaintiff.  Accordingly, the Motion is DENIED.

The parties' deadline to file dispositive motions remains November 4, 2024.  See Amended Rule 16 Scheduling Order, ECF No. 38.  The FBI has already been granted a six-month extension of time to complete the necessary review – the dispositive motions deadline was continued from May 24, 2024, to November 4, 2024.  Based on the current record before the Court, the FBI has not demonstrated its diligence in meeting the current deadline and has failed to establish good cause for any further continuance.  To ensure that this deadline is met, the Court DIRECTS the FBI to file weekly Status Reports beginning September 13, 2024, detailing (1) the number of documents and pages of documents that the FBI has reviewed and indexed with respect to each of Plaintiff's FOIA requests; (2) the

---

[2] The District of Columbia Circuit has acknowledged that a "flexible approach" is appropriate for considering the timing of claimed FOIA exemptions and that it may be appropriate for the government to belatedly invoke additional exemptions if, for example, there was a substantial change in the factual context of the case, an interim development in an applicable legal doctrine, or a mistake.  See August v. FBI, 328 F.3d 697, 700 (D.C. Cir. 2003).  None of those circumstances are present in this case.

number of documents and pages of documents that remain to be reviewed and indexed with respect to each of Plaintiff's FOIA requests; (3) the number of personnel assigned to review and index the documents at issue; and (4) the hours per week each person assigned to review and index the documents devoted to the task of reviewing and indexing.  Additionally, the first Status Report should include an independent explanation of the role of the U.S. Attorney's Office – District of Hawaii, both its role in (1) the actual review and indexing of the documents at issue and (2) the next stages of the case if review is not completed by the Court's deadlines.

CONCLUSION

The Court DENIES Defendant's Motion to Bifurcate Review of Records, ECF No. 45.  The Court DIRECTS Defendant to file weekly status reports as detailed above beginning September 13, 2024.

IT IS SO ORDERED.

DATED, HONOLULU, HAWAII, SEPTEMBER 3, 2024.



Wes Reber Porter
United States Magistrate Judge

**HONOLULU CIVIL BEAT INC. v. FEDERAL BUREAU OF INVESTIGATION; CIVIL NO. 23-00216 SOM-WRP; ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE REVIEW OF RECORDS**